UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JODITH ALLEN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | CASE NO. 2:15-CV-01191-TSZ-DWC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: January 29, 2016 |

　　　　The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her application for disability insurance benefits ("DIB").

　　　　After reviewing the record, the Court concludes the ALJ erred in finding Plaintiff's fibromyalgia did not constitute a medically determinable impairment at Step Two. The ALJ failed to properly consider this impairment when determining Plaintiff's residual functional capacity and therefore the error at Step Two was harmful. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

FACTUAL AND PROCEDURAL HISTORY

On October 20, 2011, Plaintiff filed an application for DIB, alleging disability as of August 1, 2011. *See* Dkt. 8, Administrative Record ("AR") 35, 302-03. The application was denied upon initial administrative review and on reconsideration. *See* AR 151-80. A hearing was held before Administrative Law Judge ("ALJ") Laura Valente on December 20, 2012. *See* AR 57-98. The ALJ issued an unfavorable decision; however, the Appeals Council remanded the case to the ALJ for further consideration of Plaintiff's fibromyalgia and new age category. *See* AR 181-99, 200-03. A second hearing was held before ALJ Valente on August 13, 2013. *See* AR 99-150. In a decision dated February 4, 2015, the ALJ determined Plaintiff to be not disabled. *See* AR 35-51. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's February 4, 2015 decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) finding fibromyalgia was not a medically determinable impairment; (2) providing legally insufficient reasons for rejecting medical source opinions; (3) failing to provide clear and convincing reasons for rejecting Plaintiff's opinion; (4) failing to provide germane reasons for rejecting lay testimony; and (5) failing to meet her burden of showing there were other jobs Plaintiff could perform at Step 5 of the sequential evaluation process. Dkt. 11, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1) Whether the ALJ erred by finding Plaintiff's fibromyalgia was not a medically determinable impairment at Step Two.**

Plaintiff asserts the ALJ erred by finding Plaintiff's fibromyalgia was not a medically determinable impairment at Step Two. Dkt. 11, pp. 3-8. Specifically, Plaintiff contends the ALJ failed to properly consider the fibromyalgia diagnosis submitted by Dr. David Wisner, M.D., an examining rheumatologist. *Id.* at pp. 5-7. Defendant argues the ALJ properly found fibromyalgia was not a medically determinable impairment because Dr. Wisner's diagnosis was vague as it did not identify the number or location of Plaintiff's tender points. Dkt. 12, pp. 2-3.

To establish a medically determinable impairment, the Social Security Administration requires evidence from an acceptable medical source, such as a licensed physician. 20 C.F.R. § 404.1513(a). Under Social Security Ruling ("SSR") 12-2p, when finding fibromyalgia to be a medically determinable impairment, the Commissioner cannot rely on a physician's diagnosis alone. "The evidence must document that the physician reviewed the person's medical history and conducted a physical examination" and for fibromyalgia to be a medically determinable impairment, a claimant must have (1) a history of widespread pain; (2) at least 11 tender points; and (3) evidence "that other disorders that could cause the symptoms or signs were excluded".[1] SSR 12-2p. However, "Social Security Rulings do not have the force of law," *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989), and the Ninth Circuit has determined it is not necessary for a physician to provide documentation identifying the specific number and location of the tender points for fibromyalgia to be a medically determinable impairment. *See Contreras v. Astrue*, 378 Fed. Appx. 656, 657 (9th Cir. 2010).

---

[1] The parties do not contend, nor did the ALJ find, the evidence fails to establish criteria (1) and (3). Thus, the only issue before the Court is whether the record establishes Plaintiff meets the tender points requirement.

1    At Step Two, the ALJ determined "fibromyalgia and chronic fatigue syndrome are not
2 medically determinable impairments (Social Security Rulings 12-2p and 14-1p)." AR 39. In
3 reaching this conclusion, the ALJ found the "record does not establish that the claimant meets
4 the 1990 American College of Rheumatology criteria for a diagnosis of fibromyalgia given that
5 the only tender point testing in evidence does not specify which tender points were positive or
6 how many tender points were positive." AR 39.[2]

7    On January 7, 2013, Dr. David Wisner, M.D., an examining rheumatologist, performed a
8 rheumatologic evaluation of Plaintiff. AR 613-14. Dr. Wisner reviewed the history of Plaintiff's
9 illness and conducted a detailed "review of systems."[3] AR 613-14. Dr. Wisner also conducted a
10 physical examination. AR. 614. During the physical examination, Dr. Wisner found Plaintiff had
11 "[m]ultiple tender points noted in the appropriate area and distribution for fibromyalgia." AR
12 614. He concluded "[f]ibromyalgia certainly best fits this [patient's] clinical presentation and I
13 would confirm this diagnosis. At this point she has no evidence of any rheumatologic disease."
14 AR 614. Dr. Wisner's notes contain the only tender point testing in the record.

15    The ALJ found this evidence did not meet the requirements for establishing a medically
16 determinable impairment of fibromyalgia because the opinion did not state the location and
17 number of positive tender points. AR 38-39. When determining Plaintiff had fibromyalgia, Dr.
18 Wisner conducted a full history and physical examination of Plaintiff. Dr. Wisner stated
19 Plaintiff's tender points meet the appropriate areas and distribution for fibromyalgia. AR 614. It

---

[2] At Step Two, the ALJ also discussed Plaintiff's subjective complaints of pain and fatigue and noted the objective evidence did not support her complaints. AR 39. It is unclear from the ALJ's decision if she was discussing Plaintiff's fibromyalgia or chronic fatigue syndrome when finding the subjective complaints did not support the existence of a medically determinable impairment. Regardless, Defendant does not argue a lack of objective evidence supporting Plaintiff's subjective complaints of pain and fatigue shows fibromyalgia is not a medically determinable impairment. As such, the Court will not discuss this portion of the ALJ's decision.

[3] The "review of systems" is a list of questions, arranged by organ, designed to uncover dysfunction or disease.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 4

was not necessary for Dr. Wisner to state the specific location and number of tender points for his diagnosis to be considered medically acceptable. *See Contreras*, 378 Fed.Appx. at 657 (finding the ALJ erred at Step Two when the record contained a diagnosis by the claimant's treating rheumatologist, even though the rheumatologist did not identify the number or location of any specific tender points and later noted the tender points were in a wide spread distribution satisfying the "ACR criteria for fibromyalgia.")

The record contains a diagnosis of fibromyalgia provided by an acceptable medical source and supported by a review of Plaintiff's history and a physical examination showing Plaintiff has the required tender points. Plaintiff was not required to provide evidence showing the specific location of at least 11 tender points for her fibromyalgia to be a medically determinable impairment. As medically acceptable evidence establishes Plaintiff meets the tender points requirement, the Court concludes Plaintiff's fibromyalgia is a medically determinable impairment. Thus, the ALJ erred at Step Two. *See Contreras*, 378 Fed.Appx. at 657; *Benecke*, 379 F.3d at 594 (where a plaintiff consistently reports fibromyalgia symptoms and her rheumatologist diagnoses her with the disease, an ALJ may not deny its existence due to a lack of supporting objective evidence or out of "sheer disbelief"); *Dillon v. Astrue*, 2010 WL 2850910, *6 (C.D. Cal. July 19, 2010) (finding the ALJ erred in rejecting a physicians' diagnoses of fibromyalgia because there records did not note the number of tender points).

Defendant argues even if the ALJ erred at Step Two, the error is harmless because the ALJ considered Plaintiff's pain and fatigue in formulating the residual functional capacity ("RFC") assessment. Dkt. 12, p. 3. "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate

nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)). If the ALJ accounts for all Plaintiff's limitations in assessing the RFC, the Step Two error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

In determining Plaintiff's RFC, the ALJ noted she considered Plaintiff's complaints of pain and fatigue because those complaints could be caused by Plaintiff's diabetes, obesity, and hypertension. AR 39, 42-49. However, the ALJ's consideration of Plaintiff's pain and fatigue does not properly account for Plaintiff's fibromyalgia.

A review of the record shows the RFC may have changed had the ALJ properly considered fibromyalgia at Step Two. For example, the ALJ gave no weight to the opinion of Drs. Emily Sharpe, N.D. and Laura Shelton, N.D., Plaintiff's treating physicians. AR 47. Drs. Sharpe and Shelton found Plaintiff is unable to work more than 10 hours per week and 40 hours per month because of her health issues, including fibromyalgia. *See* AR 563, 565-572. If the ALJ properly found Plaintiff's fibromyalgia was a medically determinable impairment, the opinion evidence of Drs. Sharpe and Shelton may have been given additional weight and additional limitations, such as an inability to work more than 10 hours per week, may have been included in the RFC.

The ALJ also gave little weight to the opinion of Dr. Teresa Black, M.D., an examining psychiatrist. AR 47-48. Dr. Black opined Plaintiff would have difficulty performing work

activities consistently because of her level of fatigue and resilience. AR 580. Dr. Black also found Plaintiff's level of attention, focus, and endurance was low due to the underlying problems of chronic fatigue and fibromyalgia. AR 580. Had the ALJ properly considered Plaintiff's fibromyalgia, the ALJ may have assigned additional weight to Dr. Black's opinion and included additional limitations in the RFC regarding Plaintiff's ability to maintain attention, concentration and pace.

Additionally, the ALJ found Plaintiff's subjective complaints of pain and fatigue were not entirely credible. AR 44-47. The ALJ did not consider Plaintiff's diagnosed impairment of fibromyalgia when making this finding. If Plaintiff's fibromyalgia had been properly considered, the ALJ may have found Plaintiff's testimony regarding her pain, fatigue, and ability to function more credible, which may have impacted the RFC determination.

The Court concludes the RFC assessment and hypothetical question posed to the vocational expert, Roni Lenore, may have included additional limitations had the ALJ properly considered Plaintiff's fibromyalgia at Step Two. As the ALJ's failure to properly consider Plaintiff's fibromyalgia at Step Two and throughout the remaining sequential evaluation process affects the ultimate disability decision, it is not harmless.

**(2) Whether the ALJ erred in rejecting medical source opinions, lay evidence, and Plaintiff's testimony and failed to meet her burden at Step Five.**

The ALJ's error at Step Two requires remand to the administration to properly consider Plaintiff's fibromyalgia as a medically determinable impairment and to reconsider each of the remaining steps in the administrative process in light of Plaintiff's fibromyalgia and the work limitations possibly caused by this impairment. As the ALJ's error at Step Two impacts all aspects of the ALJ's decision, the ALJ is instructed to re-evaluate this entire matter on remand. Thus, it is unnecessary to address the other issues raised in Plaintiff's appeal.

**(3) Whether the case should be remanded for an award of benefits.**

Plaintiff argues this case should be remanded for an award of benefits. Dkt. 11, pp. 18-19. Defendant maintains Plaintiff has not established this case presents a rare circumstance necessitating deviation from the normal rule requiring remand for further proceedings. Dkt. 12, pp. 11-12.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke*, 379 F.3d at 595 (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined the ALJ must re-evaluate the evidence in light of Plaintiff's fibromyalgia and finds issues remain which must be resolved concerning Plaintiff's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for

further proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 29, 2016, as noted in the caption.

Dated this 8th day of January, 2016.

David W. Christel
United States Magistrate Judge